UNITED STATES BANKRUPTCY COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ************************************ | : | PROCEEDINGS FOR |
| IN RE: | : | REORGANIZATION UNDER |
|   Better Bedding Shops, Inc. | : | |
| | : | CHAPTER 11 |
|             DEBTOR | : | CASE NO.  09-20481 (ASD) |
| | : | Re: Doc. I.D. No.  378 |
| | : | |
| ************************************ | | |

**ORDER GRANTING DEBTOR'S MOTION TO SELL ASSETS
OUT OF THE ORDINARY COURSE OF BUSINESS AND
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBERANCES PURSUANT TO
SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE**

Upon consideration of the Motion to Sell Assets Out of the Ordinary Course of Business and Free and Clear of Security Interests (the "Sale Motion") filed by Better Bedding Shops, Inc. (the "Debtor") after due notice and a hearing, and it appearing to the Court that just cause exists to grant the Motion, the Court hereby finds and determines the following:

    1.    On March 24, 2010, Debtor and Sleepy's LLC (the "Purchaser") entered into the Asset Purchase Agreement, whereby the Purchaser would acquire certain of the Debtor's assets for the Purchase Price, comprised of the following: $965,000, plus the amount by which the Cure

Amounts for the Assumed Contracts exceed $25,000, and the amount, if any, in excess of $10,000 that the Debtor is required to pay, to transfer certain telephone numbers.

2. The Debtor provided all notices as required under the Sale Procedures Order.

3. No Qualified Offer (as defined by the Sale Procedures) was received by the Debtor. The Purchaser has therefore submitted the highest and best offer for the Assets on terms and conditions set forth in the Asset Purchase Agreement.

4. The Sale Procedures afforded a full, fair and reasonable opportunity for any entity to make a higher or better offer to purchase the Assets and no higher or better offer has been made than that of the Purchaser.

5. The Debtor and the Purchaser have complied with the Sale Procedures Order in all respects.

6. The transactions effectuating, and the terms and conditions governing, the sale of the Assets to the Purchaser are embodied in the Asset Purchase Agreement, which is attached hereto as Exhibit A. A description of the Assets is contained in Section 2.1 of the Asset Purchase Agreement. Moreover, a list of the Assumed Contracts (which represents the executory contracts that the Purchaser is assuming subject to this Order and the Asset Purchase Agreement) is contained in Exhibit B hereto (collectively, the "Assumed Contracts"), for assumption and further assignment to the Purchaser under the terms of the Asset Purchase Agreement and this Order.

7. The Asset Purchase Agreement contemplates that the sale of the Assets shall be free and clear of all liens, claims, interests, and other encumbrances within the meaning of Section 363(f) of the Bankruptcy Code, including, but not limited to any and all liens, mortgages, security interests, conditional sale or title retention agreements, pledges, judgments, demands, encumbrances, easements, restrictions or charges of any and all kinds or nature and any and all claims (as defined in Section 101 (5) of the Bankruptcy Code), obligations, demands, options, rights, restrictions, and interests, whether imposed by agreement, understanding, law, equity, or otherwise (collectively, "Liens"), except as expressly permitted by the Asset Purchase Agreement.

8. The Purchaser's obligation to consummate the transactions contemplated in the Asset Purchase Agreement is subject to the specific conditions outlined in that contract, including the condition of Court approval. As of the date of entry of this Order, there has been no failure of any condition under the Asset Purchase Agreement to the Purchaser's obligation to consummate the Sale, and the Purchaser has agreed to the terms of this Order.

9. The discussions and negotiations between the Debtor and Sleepy's and the sale of the Assets to Sleepy's, including the Asset Purchase Agreement, have been at arm's length, without collusion, and in good faith within the meaning of Bankruptcy Code § 363(m) and that Sleepy's is a good faith purchaser of the Assets and is found to be entitled to the protections of a good faith purchaser pursuant to Bankruptcy Code § 363(m) with respect to the transactions approved hereby;

and neither the Debtor nor Sleepy's engaged in any conduct that would cause or permit the sale of any of the Assets to be avoided pursuant to Bankruptcy Code § 363(n). Absent a stay of the effectiveness of this Order, if any, the Purchaser will be acting in good faith within the meaning of Bankruptcy Code Section 363(m) in closing the transaction under the Asset Purchase Agreement, including the assumption and assignment of the Assumed Contracts, at any time after the expiration of any stay of this Order, whether pursuant to Bankruptcy Rule 6004(g) or otherwise.

10. The Assumed Contracts to be assumed and assigned to the Purchaser are valid and binding, in full force and effect, and enforceable in accordance with their terms, and are property of the Debtor's estate pursuant to Section 541(a) of the Bankruptcy Code.

11. The terms and conditions of the Asset Purchase Agreement (i) are fair and reasonable; (ii) valid, binding and enforceable; (iii) constitute the highest and best offer for the Assets; (iv) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (v) constitute reasonably equivalent value and fair consideration for the Assets.

12. The transactions contemplated by the Asset Purchase Agreement will, upon consummation thereof (the "Closing"), (i) be a legal, valid, and effective transfer of the Assets to the Purchaser with no further action required on the part of the Debtor and (ii) vest the Purchaser with

good title to the Assets free and clear of all Liens, except as expressly permitted by the Asset Purchase Agreement, within the meaning of Section 363(f)(1) of the Bankruptcy Code.

13. The Purchaser would not have entered into the Asset Purchase Agreement and will not consummate the transactions described in the Asset Purchase Agreement (thus adversely affecting the bankruptcy estate and its creditors) if the sale of the Assets and the assignment of the Assumed Contracts were not free and clear of all Liens, except as expressly permitted by the Asset Purchase Agreement.

14. The relief sought in the Sale Motion, including approval of the Asset Purchase Agreement and consummation of the transactions contemplated thereof is in the best interests of the Debtor, its bankruptcy estate, creditors, and all parties in interest. The Sale must be approved and consummated promptly in order to preserve the viability of the Debtor's business as a going concern and to maximize the value of the Debtor' estate.

15. Upon entry of this Order, the Debtor has all the corporate or organizational power and authority necessary to consummate the transactions contemplated by the Asset Purchase Agreement.

16. Except as otherwise provided in this Order, no consents or approvals, other than this Order and those expressly provided for in the Asset Purchase Agreement, are required for the Debtor to consummate the transactions contemplated by the Asset Purchase Agreement.

17. The Debtor has demonstrated good, sound and sufficient business purpose and justification, and it is a reasonable exercise of its business judgment, to (i) sell the Assets on the terms and conditions set forth in the Asset Purchase Agreement; (ii) assume and assign the Assumed Contracts to the Purchaser; and (iii) consummate all transactions contemplated by the Asset Purchase Agreement, and the sale, assumption and assignment of the Assets is in the best interests of the Debtor, its estate and its creditors.

18. The provisions of Sections 363 and 365 of the Bankruptcy Code have been complied with and are applicable to the sale of the Assets.

19. The Debtor may consummate the transactions and transfer the Assets free and clear of all Liens of any kind or nature whatsoever, except as expressly permitted by the Asset Purchase Agreement, because one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All parties with Liens of any kind or nature whatsoever in the Assets, except as expressly permitted by the Asset Purchase Agreement, who did not object to the Sale Motion and the relief requested therein, or who withdrew their objections to the transactions, are deemed to have consented pursuant to Sections 363(f)(2) and 365 of the Bankruptcy Code. All parties with Liens of any kind or nature whatsoever in the Assets, except as expressly permitted by the Asset Purchase Agreement, who did object to the Sale Motion and the relief requested therein fall within one or more of the other subsections of Sections 363(f) and 365 of the Bankruptcy Code

and are adequately protected by having their Liens attach to the net proceeds of the transactions with the same validity, enforceability, priority, force and effect that they now have as against the Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtor and all parties in interest with respect to such Liens.

20. Except as otherwise provided in the Asset Purchase Agreement and this Order, consummation of the transactions will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtor, any affiliate of the Debtor, or any other person by reason of such transfers and assignments, including, without limitation, based on any theory of antitrust or successor or transferee liability. Should the Purchaser be subjected to any claim contrary to the provisions of this paragraph, and whether or not this Court shall retain jurisdiction as such time as to the enforcement hereof, this provision may be enforced by the Purchaser in any court having jurisdiction of the subject matter as to which this provision is relevant.

21. The Debtor has agreed to pay the Cure Amounts up to $25,000 and has (i) cured, or has provided adequate assurance of cure, of all defaults under the Assumed Contracts, if any, existing before the date of this Order, within the meaning of Section 365(b)(1)(A) of the Bankruptcy Code and (ii) provided compensation or adequate assurance of compensation to any party for any

actual pecuniary loss to such party resulting from a default before the date of this Order under the Assumed Contracts, if any, within the meaning of Section 365(b)(1)(B) of the Bankruptcy Code, and the Purchaser has provided adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of Section 365(b)(1)(C) of the Bankruptcy Code.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

The findings of fact entered above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

Sale Motion is granted in all respects.

Good and sufficient notice of the hearing on the Sale Motion, the transaction contemplated therein (including the assumption and assignment of the Assumed Contracts), the Auction Procedures Order, the Auction and Sale Procedures, the Auction and Sale Hearing has been given in accordance with the requirements of the Bankruptcy Code; the Federal Rules of Bankruptcy Procedure; the Local Rules of Bankruptcy Procedure for the District of Connecticut; the Court's *Order (i) Approving Auction Procedures to be Employed in Connection with the Sale of Certain of the Debtor's Assets pursuant to 11 U.S.C. §§ 105 and 363, (ii) Scheduling Date, Time and Place for*

*Sale Hearing and Related Motions to Assume and Assign Unexpired Leases Pursuant to 11 U.S.C. §365; (iii) Approving Form and Manner of Notice; and (v) Dispensing with Appraisal Requirements.*

1. All parties in interest have had the opportunity to object to the relief requested in the Sale Motion and to the extent that objections to the Sale Motion or the relief requested therein have not been withdrawn, waived or settled, such objections and all reservations of right included therein, are overruled on the merits. The parties who did not object, or who withdrew their objections, to the Sale Motion, are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

**Approval of the Purchase Agreement**

2. The Debtor is authorized to enter into the Asset Purchase Agreement with Sleepy's, LLC ("Sleepy's"), dated March 24, 2010 (the "Sale Agreement"), attached hereto as Exhibit A. Except as provided for in, and subject to the terms of, this Order, the Asset Purchase Agreement and all of the terms and conditions contained therein are approved in their entirety and are binding upon the parties thereto. Upon entry of, and subject to the terms of, this Order, the Asset Purchase Agreement, to the extent (if any) not already enforceable by its terms, shall be fully enforceable by the parties thereto in accordance with and subject to its terms and conditions.

3. Subject to the terms of this Order, the Debtor is authorized to sell the Assets out of the ordinary course of business sale and the terms and conditions contemplated by the Asset Purchase Agreement, including, without limitation, the closing of the transactions contemplated by

the Asset Purchase Agreement, are hereby approved pursuant to Sections 105(a), 363(b) and (f) of the Bankruptcy Code.

4.  Subject to the terms of this Order, the Debtor and its directors, officers, representatives, and attorneys are authorized, directed and empowered, pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, now and in the future to carry out the sale, to issue, execute, deliver, file and record, as appropriate, all additional documents, and to take any other action as will be consistent with, and necessary or appropriate to, implement, effectuate, and consummate the sale of the Assets to Sleepy's, as Sleepy's reasonably requests at any time and from time to time, without further order of the Court.

**Transfer of the Assets to the Purchaser**

5.  The transfers by the Debtor of the Assets to Sleepy's (a) are and will be legal, valid, and effective transfers of the Assets to Sleepy's, (b) constitute transfers for reasonably equivalent value and fair consideration, and (c) vest and will vest Sleepy's, with all right, title, and interest of the Debtor in and to the Assets, free and clear of all liens, claims, and encumbrances pursuant to Bankruptcy Code § 363(f), with all such Liens to attach to the proceeds of sale of the Assets in the order of their priority, and with the same validity, priority, force and effect which they now have as against the Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtor and all parties in interest with respect to such Liens.

6.  Except with respect to its obligations as provided for in the Asset Purchase Agreement and this Order, all persons or entities holding Liens in, to or against the Assets shall be, and they hereby are, forever barred, estopped, and enjoined from asserting such Liens against Purchaser, its successors and assigns or such Assets.

**Assumption and Assignment of the Assumed Contracts**

7.  Subject to and conditioned on the Closing of the transactions contemplated in the Asset Purchase Agreement, the Debtor is authorized pursuant to Section 365(a) of the Bankruptcy Code to assume and assign the Assumed Contracts identified on Exhibit B hereto (which shall hereinafter, and for the purposes of this Order, constitute the "Assumed Contracts"). Notwithstanding anything in this Order or in the Asset Purchase Agreement to the contrary, at any time prior to Closing, the Purchaser may determine, in consultation with the Debtor, that it will not seek assignment of one or more contracts identified on the list of Assumed Contracts, in which case, prior to the Closing, the Debtor shall file a "Notice of Additional Excluded Contracts" identifying any such contracts previously designated as an Assumed Contract (the "Additional Excluded Contracts").

8.  Subject to the terms of this Order, conditioned on the Closing of the transactions contemplated in the Asset Purchase Agreement, pursuant to Bankruptcy Code Sections 105(a) and 365, the Debtor's assumption and assignment to the Purchaser, and the Purchaser's assumption on

the terms contained in the Asset Purchase Agreement, of the Assumed Contracts is approved, and the requirements of Bankruptcy Code Section 365(b)(1) with respect thereto are deemed satisfied.

9. Subject to the terms of this Order, all Assumed Contracts are in full force and effect and have not been terminated by operation of law, their own terms or otherwise.

10. Upon Closing pursuant to the Asset Purchase Agreement and this Order, the Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser and the non-Debtor parties to such Assumed Contracts in accordance with their terms, notwithstanding any provision in the Assumed Contracts (including, without limitation, those described in Sections 365(b)(2) and (1) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to Section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further obligation or liability for any breach of the Assumed Contracts occurring after such assumption and assignment.

11. All monetary defaults or other cure (within the meaning of Bankruptcy Code Section 365), if any, under the Assumed Contracts arising or accruing before the date of this Order (without giving effect to any acceleration clause or any default provisions of the kind specified in Bankruptcy Code Section 365(b)(2)) as agreed to by the Debtor and the non-Debtor parties thereto shall be the responsibility of the Debtor up to a maximum amount of $25,000, and shall be paid or satisfied by the Debtor in accordance with section 365(b)(2) of the Bankruptcy Code.  Any Cure Amounts in

excess of $25,000 and which relate solely to rent and common area maintenance expenses shall be paid by the Purchaser.

12. The "Cure Amounts" shall be the amounts set forth in (i) the relevant Cure Notice, (ii) any stipulation or agreement in writing entered into between the Debtor and the non- Debtor party to an Assumed Contract or (iii) any prior Order of this Court, as applicable, and shall be controlling notwithstanding anything to the contrary in any Assumed Contract or other document, and the non-Debtor party to each Assumed Contract shall be forever barred from asserting any other claim relating to the respective Assumed Contract accruing and/or arising prior to the Closing against the Debtor or the Purchaser.

13. The failure of the Debtor or the Purchaser to enforce any term or condition of any Assumed Contract shall not constitute a waiver of such term or condition or of the Debtor's or the Purchaser's rights to enforce every term and condition of the Assumed Contracts.

14. Notwithstanding anything herein or in the Asset Purchase Agreement to the contrary, the Debtor, the Purchaser and the non-Debtor party to an Assumed Contract may, without the necessity of a further application to, order of this Court, or notice to any other person, agree in writing to modify any terms and conditions of an Assumed Contract, provided that such modifications do not create or give rise to any claims against the Debtors or their estates, and in

which event such contract, as modified, shall be deemed to be the Assumed Contract for the purposes of this Order and the Asset Purchase Agreement.

**Miscellaneous Provisions**

15. The approval of the sale of the Assets and the consummation of the sale are in the best interest of the Debtor's estate.

16. The consideration to be paid to the Debtor by Sleepy's for the Assets is fair and constitutes reasonably equivalent value and may not be avoided under Section 363(n) of the Bankruptcy Code

17. All requirements of Bankruptcy Code § 363(b) and (f) and any other applicable law relating to the sale of the Assets have been satisfied.

18. This Order (a) is and shall be effective as a determination that, upon the Closing, except as expressly provided in the Asset Purchase Agreement, all Liens existing as to the Assets prior to the Closing have been unconditionally released, discharged and terminated in each case as to the Assets and (b) is and shall be binding upon and shall govern acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Purchaser is

the assignee of the Assets free and clear of Liens. In addition, upon the Closing, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions to release its Liens in or on the Assets as may have been recorded or may otherwise exist.

19. Except as otherwise provided in the Asset Purchase Agreement and this Order, consummation of the transactions will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof, or hereafter arising, against the Debtor by reason of such transfers and assignments, including, without limitation, based on any theory of successor or transferee liability.

20. Except with respect to enforcing the terms of the Asset Purchase Agreement and/or this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the Purchase Agreement or this Order.

21. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented through a written document signed by the parties in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated hereby.

22.     In the absence of a stay of the effectiveness of this Order, in the event that the Purchaser and the Debtor consummate the transactions contemplated by the Asset Purchase Agreement at any time after entry of this Order, then with respect to the transactions approved and authorized herein, the Purchaser, as a purchaser in good faith within the meaning of Section 363(m) of the Bankruptcy Code, shall be entitled to the protections of Section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

23.     The provisions of this Order are self-executing and each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

24.     Until this case is closed or dismissed, the Court retains jurisdiction to interpret and enforce this Order and (a) to enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed therewith; (b) to compel transfer of the Assets to the Purchaser; (c) to compel the Debtor and Purchaser to perform all of their respective obligations under the Asset Purchase Agreement, including the payment of the Purchase Price and transfer of the Assets; (d) to resolve any disputes, controversies or claims arising out of or relating to the Asset Purchase Agreement, including without limitation the adjudication of any cure required under

Assumed Contracts; and (e) to interpret, implement and enforce the provisions of this Order. Except as otherwise provided in the Asset Purchase Agreement and this Order, consummation of the transactions will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtor, any affiliate of the Debtor, or any other person by reason of such transfers and assignments, including, without limitation, based on any theory of antitrust or successor or transferee liability. Should the Purchaser be subjected to any claim contrary to the provisions of this paragraph, and whether or not this Court shall retain jurisdiction as such time as to the enforcement hereof, this provision may be enforced by the Purchaser in any court having jurisdiction of the subject matter as to which this provision is relevant.

25. Nothing in this Order or the Asset Purchase Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.

26. The terms of this Order and the Asset Purchase Agreement shall be binding on and inure to the benefit of the Debtor, the Purchaser and the Debtor's creditors and all other parties in interest, and any successors of the Debtor, the Purchaser and the Debtor's creditors, including any

trustee or examiner appointed in these cases or any subsequent or converted cases of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code.

27. The failure to include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Asset Purchase Agreement be authorized in its entirety.

28. The Debtor is hereby authorized to perform each of its covenants and undertakings and to take such actions and expense such funds as may be necessary to effectuate the terms of this Order and as provided in the Asset Purchase Agreement prior to closing without further order of the Court.

29. The Debtor shall sell its merchandise consisting of bedding products, headboards, case goods and bed frames (the "Merchandise") out of the ordinary course of business. The Debtor may sell the Merchandise to a buyer or buyers chosen jointly by the Debtor and the Creditors' Committee who will pay at least thirty (30%) percent of the Debtor's cost for such Merchandise on a gross basis of the Merchandise sold. That is, the consideration might be less than thirty (30%) percent for some items and more than thirty (30%) percent on other items, but the total package will generate at least thirty (30%) percent of cost.

30. All of the provisions of this Order are nonseverable and mutually dependent

31. The ten day automatic stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is hereby waived, and the parties may close the transactions contemplated hereby on any date and at any time designated by Sleepy's but not later than fifteen (15) days after the entry of this Order.

Dated: April 29, 2010                                    BY THE COURT

                                                        Albert S. Dabrowski
                                                        United States Bankruptcy Judge